MEMORANDUM OPINION




No. 04-02-00242-CR



Alejandro VILLARREAL,


Appellant



v.



The STATE of Texas,


Appellee



From the 229th Judicial District Court, Duval County, Texas 


Trial Court No. 01-CR-35


Honorable Alex W. Gabert, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: April 9, 2003


AFFIRMED

 Alejandro Villarreal was convicted of possession of cocaine and sentenced to thirty-five
years in prison. He appeals, contending the evidence is legally insufficient to establish the requisite
affirmative links between him and the cocaine. We disagree and affirm the trial court's judgment.

 On the morning of November 10, 2000, JoAnn Villarreal told the police that her father,
Alejandro Villarreal, was doing and selling illegal drugs from their home and using her younger
siblings to package and distribute drugs to customers. On this information, Officer Romeo Ramirez
presented an affidavit and received a search warrant for the Villarreal premises. The search warrant
was executed around 6:30 p.m.. In the search of Villarreal's residence, police discovered a small
medicine bottle labeled "Inositol," a known drug cutting agent, and clear plastic bag corners and
ties, a well-known means of packaging cocaine and heroin. However, the police did not find any
drugs or large quantities of money. 

 Alejandro Villarreal was not present when the search warrant was executed; according to
JoAnn, he and his friend, Rolando Carrillo, had gone to Corpus Christi in Carrillo's truck to
purchase more drugs. Around 7:30 p.m., Carrillo and Villarreal returned; Carrillo was driving. At
first, Villarreal got out of the truck. Then, noticing the officers, he immediately got back in and
attempted to leave. However, Officer Ramirez approached the truck and ordered the men to exit the
truck. Ramirez smelled the odor of marihuana emanating from the vehicle and, with his flashlight,
could see marihuana residue on the dash and floorboards of the vehicle. When the officers searched
the vehicle, they found thirty-five grams of cocaine in a closed center console on the interior roof
of the truck above the rear view mirror. Both men denied knowledge of the cocaine; Carrillo said
it must have been left by a person to whom he had loaned his truck.

 The State was required to prove that Villarreal knew he possessed the cocaine and exercised
actual care, custody, and control over it. See Tex. Health & Safety Code Ann. §§ 481.002(38),
481.115 (Vernon Supp. 2002); Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). If
Villarreal did not have exclusive control of the cocaine, the State was required to prove additional
affirmative links between it and Villarreal. Brown, 911 S.W.2d at 747 (Tex. Crim. App. 1995);
Martin v. State, 753 S.W.2d 384, 386 (Tex. Crim. App. 1988). The affirmative links must raise a
reasonable inference that Villarreal knew of and controlled the contraband; mere presence is
insufficient to demonstrate possession. Brown, 911 S.W.2d at 747. Factors that have been
considered in establishing affirmative links include: (1) presence when the search is executed; (2)
contraband in plain view; (3) proximity to and accessibility of the contraband; (4) being under the
influence of contraband when arrested; (5) possession or presence of other contraband
(6) incriminating statements; (7) attempted flight; (8) furtive gestures; (9) odor of the contraband;
(10) right to possession of the place where contraband was found; and (12) drugs found in an
enclosed space. See Hall v. State, 86 S.W.3d 235, 241 (Tex. App.-Austin 2002, pet. ref'd); Rischer
v. State, 85 S.W.3d 839, 843 (Tex. App.-Waco 2002, no pet.) . However, there is no set formula
necessitating a finding of an affirmative link; affirmative links are established by the totality of the
circumstances. Rischer, 85 S.W.3d at 843.

 Villarreal contends the only proven affirmative link is his mere presence, as a passenger, in
the truck. We disagree. The State provided numerous factors to affirmatively link Villarreal to the
cocaine found in the truck. Before Villarreal's arrival, drug paraphernalia had been discovered in
his residence. Upon arriving and noticing the police, Villarreal attempted to remove himself from
the scene. Villarreal was seated in the truck when officers smelled and found marijuana residue on
the dashboard of the truck in plain view, which led to the search and discovery of the cocaine.
Villarreal's daughter testified that the two men were returning from purchasing drugs in Corpus
Christi. The cocaine was accessible to both the driver and passenger and was discovered in an
enclosed space.

 Viewing this evidence in the light most favorable to the verdict, we hold a rational trier of
fact could have found sufficient affirmative links to support the essential elements of control and
knowledge beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). We therefore affirm the trial court's judgment.


 Sarah B. Duncan, Justice



Do not publish