Fabien J. Murry v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-089-CR

     FABIEN J. MURRY,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2001-673-C
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      A jury convicted Fabien Murry of possession of methamphetamine and sentenced him to two
years’ imprisonment and a $2000 fine. Murry appeals one issue: that the evidence is legally
insufficient to support his conviction. We affirm.
Background
      The police had been conducting surveillance of a trailer home where the presence of
methamphetamine was suspected. In the course of that investigation, officers observed a maroon
Nissan pickup truck bearing license plates assigned to a white Ford pickup. Three days later,
immediately after executing the search warrant on the trailer home and finding drugs, the officers
once again saw the Nissan in the vicinity. Knowing that, at the very least, the Nissan was
improperly registered, the police stopped the vehicle and questioned Fabien Murry, who was the
driver and sole occupant of the truck. They discovered that the truck was reported stolen and
arrested Murry. An inventory search revealed over two grams of methamphetamine in the cab of
the truck. Murry was indicted and found guilty by a jury for the offense of possession of
methamphetamine. Murry appeals the legal sufficiency of the evidence supporting his conviction.
Sufficiency of the EvidenceIn his sole issue, Murry argues that the evidence is legally insufficient to uphold his
conviction. He argues that the evidence presented by the State showed only two affirmative links:
1) that Murry was driving the truck in which the contraband was found; and 2) that Murry may
have been in close proximity to the contraband. He contends that in light of the possible
affirmative links that the State did not show, his conviction must be reversed and be remanded for
acquittal.
Legal Sufficiency standard
      In reviewing the legal sufficiency of the evidence to support a conviction, we view all the
evidence in the light most favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90
(Tex. Crim. App. 2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992). The
critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. McDuff v. State, 939
S.W.2d 607, 614 (Tex. Crim. App. 1997). This standard gives full play to the responsibility of
the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789 (1979).
Applicable Law
      To prove drug possession, the State must show 1) a defendant exercised care, custody,
control, or management over the drugs, and 2) that he knew he possessed a controlled substance. 
Rischer v. State, 85 S.W.3d 839, 843 (Tex. App.—Waco 2002, no pet.). When a defendant is not
in exclusive possession or control of the place where the drugs are found, the State must
affirmatively link the defendant with the drugs. Id. Factors which have been considered
affirmative links include: 1) presence when the search was executed; 2) contraband in plain view;
3) proximity to and accessibility of the contraband; 4) accused under the influence of contraband
when arrested; 5) accused’s possession of other contraband when arrested; 6) accused’s
incriminating statements when arrested; 7) attempted flight; 8) furtive gestures; 9) odor of the
contraband; 10) presence of other contraband; 11) accused’s right to possession of the place where
contraband was found; and 12) drugs found in an enclosed place. Id. The presence of all of these
factors is not necessary in every possession case, rather affirmative links are established by the
totality of the circumstances. Id. We adapt these factors to Murry’s circumstances.
      Further, we have said that the State must prove sufficient “affirmative links” in every
possession case, but the links that must be proved will vary depending on the nature of the
accused’s possession of the contraband. Gill v. State, 57 S.W.3d 540, 544-45 (Tex. App.—Waco
2001, no pet.). For example, if the contraband is found in the pants pocket of a defendant, then
sufficient affirmative links may be shown by the mere presence of the contraband on the
defendant’s person. See id. at 545. Conversely, if the contraband is found in a room occupied
by the defendant and others, then the State will have to show “additional independent facts and
circumstances which affirmatively link the accused to the contraband.” Id. (quoting Cude v. State,
716 S.W.2d 46, 47 (Tex. Crim. App. 1986)).
      The fact that the accused was driving the car in which contraband was found has been held
to be an affirmative link by this Court. Bellard v. State, ___S.W.3d___, ___ (Tex. App.—Waco
2003, pet. filed). In addition, being alone in a car with contraband in plain view and accessible
to the accused has been held to be legally sufficient to uphold a conviction of possession. 
Harmond v. State, 960 S.W.2d 404, 407 (Tex. App.—Houston [1st Dist.] 1998, no pet.).
Evidence
      It is undisputed that Murry was the driver and sole occupant of the truck. It is also undisputed
that methamphetamine was found somewhere in the cab of the truck. It is less clear as to exactly
where the drug was found. This lack of clarity is caused by the fact that the trial court excluded
one of the State’s witnesses because the State did not include his name on a witness list given to
Murry shortly before trial. This witness is the officer who found the methamphetamine in the cab
of the truck Murry was driving.
      The jury did hear evidence from the officer, Kyle Moeller, who photographed the evidence
as it was found in the truck Murry was driving. Moeller testified as to the procedure the police
used to document the evidence as it is found:
Asst. DA: Let’s say that an investigator finds some evidence, what is the procedure as
far as them touching it, and you taking a picture of it, what procedure do you have?
 
Moeller: Basically they will leave the evidence exactly where it is at, and they will call
for me to come up and take pictures of the evidence exactly where it is at.

During cross-examination, the following exchange occurred between Murry’s attorney and Officer
Moeller:
Attorney: And you are not trying to tell this jury that you were there, and you saw the
location of this evidence?
 
Moeller: Yeah, I was there.
 
Attorney: You weren’t there when it was found, and saw the evidence, exactly where it
was found?
 
Moeller: You are confusing me as to what time frame are you talking about....
 
Attorney: I was talking about....
 
Moeller: Let me finish. What you are talking about present, just like hey, I found this,
come here, take a picture of it, I was present at that search warrant.
 
Attorney: But you didn’t see where the officers found the items exactly, did you?
 
Moeller: Yes.
 
Attorney: You were looking when they found it?
 
Moeller: No, that is not the question you asked. The question you asked was, did I see
exactly where the officer found it, yes, because the officer said hey, look, I need you to
take a picture of where I found the evidence.
 
Attorney: Your Honor, I object, that is hearsay.
 
Court: Overruled.

The series of photographs that Murry’s attorney and Moeller are discussing show the
methamphetamine in a plastic bag on the “back little extended cab part of the pickup on the
driver’s side by the console.” There are three photographs taken at various distances and with the
plastic bag opened and the drug exposed in the third picture. Moeller testified that in the third
picture, the drugs had been moved and the “bag stretched open so you can see all of the contents
of the plastic bag.” Murry’s attorney objected to the submission of these pictures and requested
a limiting instruction “that this is not testimony or evidence as to where they found these items.” 
The trial court overruled his objection.
Analysis
      Murry argues the evidence is legally insufficient to support his conviction. The evidence
supports the following factors that affirmatively link Murry to the methamphetamine: 1) the fact
that he was the driver and sole occupant of the car when the search was executed; 2) his presence
when the search was executed; 3) his proximity to and the accessibility of the contraband; 4) the
fact that the drugs were found in plain view; and 5) the fact that the drugs were found in the
enclosed cab of the truck he was driving. Viewing the evidence in the light most favorable to the
verdict, the evidence is legally sufficient to support the jury’s finding that Murry possessed
methamphetamine.
      Accordingly, we overrule issue one and affirm the trial court’s judgment.

                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 23, 2003
Do not publish
[CR25]