Melanie Ann Buckman v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-142-CR

Â Â Â Â Â MELANIE ANN BUCKMAN,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court at Law No. 1
McLennan County, Texas
Trial Court # 20011253CR1
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A Department of Public Safety Trooper stopped a Honda, in which Melanie Ann Buckman
was a passenger, for speeding. Buckman and her companion said they were going to Austin. 
They were traveling north on Interstate 35 in Waco, well north of Austin. The trooper smelled
the odor of burned marijuana coming from inside the Honda. The driver looked like he had
smoked marijuana. The remains of marijuana joints were located in the ashtray. A baggie of
marijuana was located on the floor behind Buckman.
Â Â Â Â Â Â After a bench trial, Buckman was convicted of possession of marijuana and sentenced to
45 days in jail. On appeal, she claims the evidence was insufficient to support her conviction. 
We affirm.
Legal and Factual Sufficiency of the Evidence
Â Â Â Â Â Â In two issues, Buckman contends the evidence was legally and factually insufficient to
support her conviction. First, she argues the evidence was insufficient to prove that she
possessed marijuana since she was not in exclusive control of the drugs at the time they were
located. Second, she argues the evidence was insufficient to prove that the marijuana located
was a usable quantity.
Â Â Â Â Â Â A "legal sufficiency of the evidence review does not involve any weighing of favorable
and non-favorable evidence." Margraves v. State, 34 S.W.3d 912, 917 (Tex. Crim. App.
2000) (citing Cardenas v. State, 30 S.W.3d 384, 389 (Tex. Crim. App. 2000)). Instead, a
legal sufficiency review calls upon the reviewing court to view the relevant evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Id. See also Jackson v.
Virginia, 443 U.S. 307, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979) (emphasis in original);
Mason v. State, 905 S.W.2d 570, 574 (Tex. Crim. App. 1995).
Â Â Â Â Â Â In reviewing a challenge to the factual sufficiency of the evidence, we must view all the
evidence without the prism of the âin the light most favorable to the prosecutionâ construct. 
See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We ask âwhether a
neutral review of all the evidence, both for and against the finding, demonstrates that the proof
of guilt is so obviously weak as to undermine confidence in the juryâs determination, or the
proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.â 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Goodman v. State, 66
S.W.3d 283, 285 (Tex. Crim. App. 2001).
Â Â Â Â Â Â We must also remain cognizant of the factfinderâs role and unique positionâone that the
reviewing court is unable to occupy. Johnson, 23 S.W.3d at 9. The factfinder determines the
credibility of the witnesses and may âbelieve all, some, or none of the testimony.â Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). It is the factfinder that accepts or
rejects reasonably equal competing theories of a case. Goodman, 66 S.W.3d at 287. A
decision is not manifestly unjust as to the accused merely because the factfinder resolved
conflicting views of evidence in favor of the State. Cain v. State, 958 S.W.2d 404, 410 (Tex.
Crim. App. 1997).
Affirmative Links
Â Â Â Â Â Â In cases involving the possession of an unlawful object or substance, the State must prove
that the accused knowingly possessed the contraband in question. See Brown v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995); Harris v. State, 994 S.W.2d 927, 933 (Tex.
App.âWaco 1999, pet. ref'd). The State accomplishes this task with "affirmative links." Gill
v. State, 57 S.W.3d 540, 544 (Tex. App.âWaco 2001, no pet.). The Court of Criminal
Appeals summarized the "affirmative links" rule as follows:
Because, under our law, an accused must not only have exercised actual care, control,
or custody of the substance, but must also have been conscious of his connection with
it and have known what it was, evidence which affirmatively links him to it suffices
for proof that he possessed it knowingly. Under our precedents, it does not really
matter whether this evidence is direct or circumstantial. In either case it must
establish, to the requisite level of confidence, that the accused's connection with the
drug was more than just fortuitous. This is the whole of the so-called "affirmative
links" rule. 

Brown, 911 S.W.2d at 747. 
Â Â Â Â Â Â Circumstances to consider when determining whether the State has met its burden include: 
1) Defendant's presence when the search is executed; 

2) Contraband in plain view; 

3) Defendant's proximity to and the accessibility of the contraband; 

4) Defendant under the influence of contraband when arrested; 

5) Defendant's possession of other contraband when arrested; 

6) Defendant's incriminating statements when arrested; 

7) Defendant's attempted flight; 

8) Defendant's furtive gestures; 

9) Presence of odor of the contraband;

10) Presence of other contraband or drug paraphernalia, not included in the charge;

11) Defendant's ownership or right to possession of the place where the contraband
was found;

12) Place contraband found was enclosed. 

Rischer v. State, 85 S.W.3d 839, 843 (Tex. App.âWaco 2002, no pet.); Chavez v. State, 769
S.W.2d 284, 288-89 (Tex. App.âHouston [1st Dist.] 1989, pet. refâd). Despite this list of
factors, there is no set formula necessitating a finding of an affirmative link, but rather,
affirmative links are established by the totality of the circumstances. Rischer, 85 S.W.3d at
843.
Â Â Â Â Â Â Buckman was the passenger in a 1988 Honda Civic, four-door. The ashtray, to which she
had access, had the remains of three marijuana joints. The interior of the car had the odor of
burned marijuana. The driver looked like he had been smoking marijuana. She and the driver
were confused about the direction they were traveling. They were going to Austin but were
stopped, traveling north, in Waco. A baggie of marijuana, enough to roll three thin joints, was
located on the floor board behind her seat. She had access to that area as well.
Â Â Â Â Â Â Buckman did not present any evidence at her trial.
Â Â Â Â Â Â Considering the totality of the circumstances, we conclude the State proved sufficient links
to show that Buckman possessed marijuana. The evidence is both legally and factually
sufficient. Her first issue is overruled.
Usable Quantity
Â Â Â Â Â Â Buckman also contends that the evidence is legally and factually insufficient to prove that
the marijuana seized was a âusable quantityâ as required by the provisions of the Health and
Safety Code. Tex. Health & Safety Code Ann. Â§ 481.121 (Vernon 2003).
Â Â Â Â Â Â Trooper William Carlile, based on training and personal experience, identified the
substances found in the ashtray and in the baggie on the floor board as marijuana. He also
testified that both amounts found would be usable quantities. There being no other evidence
presented in support of or contrary to these statements by the trooper, the evidence is both
legally and factually sufficient. Her second issue is overruled.
Â 

Conclusion
Â Â Â Â Â Â Having overruled both of Buckmanâs issues on appeal, we affirm the judgment of the trial
court.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Gray,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Reyna



Affirmed
Opinion delivered and filed February 4, 2004
Do not publish
[CR25]



n>) (footnote omitted).

We must also remain cognizant of the
factfinder=s
role and unique positionCone that the reviewing court is unable to
occupy.  Johnson v. State, 23
S.W.3d 1, 9 (Tex. Crim. App. 2000).Â  The jury determines the credibility of the
witnesses and may Abelieve all, some, or none of the testimony.@Â  Chambers v. State, 805 S.W.2d 459, 461
(Tex. Crim. App. 1991).Â  It is the jury
that accepts or rejects reasonably equal competing theories of a case.Â  Goodman, 66 S.W.3d at 287.Â  A decision is not factually insufficient as to
the accused merely because the factfinder resolved conflicting views of
evidence in favor of the State.Â  Cain
v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).

Viewing
the evidence in a neutral light, and giving deference to the juryÂs credibility
determinations, the evidence is not too weak to support the finding of guilt
beyond a reasonable doubt.Â  Accordingly, we overrule AppellantÂs second
issue.

Â Â Â Â Â  Having
overruled both of AppellantÂs issues, we affirm the judgment.

TOM
GRAY

Chief Justice

Before
Chief Justice Gray,

Â Â Â Â Â  Justice Vance, and

Â Â Â Â Â  Justice Reyna

Opinion
delivered and filed June 16, 2004

Affirmed

Do
not publish

[CRPM]











[1]Â Â Â  See also, e.g., Perez v. State, No. 01-99-00911-CR, 2003 Tex. App. LEXIS 3155,
at *3-*4 (Tex. App.ÂHouston [1st Dist.] Apr. 10, 2003, pet. refÂd); Bottenfield v. State, 77 S.W.3d 349, 353 (Tex. App.ÂFort Worth
2002, pet. refÂd), cert. denied, 539
U.S. 916, 123 S. Ct. 2275, 156 L. Ed. 2d 133 (2003); Robison v. State, 35 S.W.3d 257, 262 (Tex. App.ÂTexarkana 2000,
pet. refÂd); Beheler v. State, 3
S.W.3d 182, 187 (Tex. App.ÂFort Worth 1999, pet. refÂd); Gottlich v. State, 822 S.W.2d 734, 741 (Tex. App.ÂFort Worth 1992,
pet. refÂd).