IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00078-CR

 

Juan Hoza Johnson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-660-C

 



MEMORANDUM  Opinion



 

Appellant Juan Hoza Johnson was
convicted of Possession with Intent to Deliver a Controlled Substance and, as a
repeat offender, was sentenced to 80 years in prison.  Johnson brings three
issues on appeal.  We will affirm the judgment of the trial court.

Background

      On the evening of December 9, 2004, Johnson
and Billy Joe Nichols were riding in Johnson’s car when they picked up
fourteen-year-old Shannon.  She testified that they drove around for
approximately one hour before picking up sixteen-year-old, Rachel.[1] 
They then traveled to a parking lot across the street from a night club.  Shannon testified that a car drove up to their car, Johnson broke off a piece of crack from
a rock he had in his pocket, and Johnson handed the crack to Nichols who sold
it to an occupant of the other car.

      They left the parking lot and traveled to a
gas station.  Although Shannon and Rachel both testified that they went with
the men to a gas station, Shannon testified that Johnson drove the car to the
station and Rachel testified that Nichols was driving the car at that time. 
They agreed, however, that while Johnson pumped the gas, Shannon who had been
sitting in the back seat, climbed into the front seat and Nichols joined Rachel
in the back seat.  Officer Ben Rush of the Waco Police Department testified
that as he drove through the gas station parking lot he saw Nichols get into
the car.  Rush knew that an arrest warrant had been issued for Nichols.  As he
approached the car to make the arrest, Nichols locked the door, threw several
small bags of crack at Shannon and Rachel, and told them to hide the bags.

      Rush handcuffed Nichols in the backseat of
the car and saw a bag of crack cocaine on the seat.  After a further search of
the car, he found a total of three bags of crack cocaine which contained 7.48 grams,
14.89 grams, and 13.98 grams of crack respectively.  One of these bags was wedged
under the front seat.  Rush arrested both Johnson and Nichols for possession of
a controlled substance with the intent to deliver. 




Sufficiency of the Evidence

      In his first and second issues, Johnson
alleges that the evidence was legally and factually insufficient to show that he
possessed the drugs found in the car.  

Standard of Review

When reviewing a challenge to the
legal sufficiency of the evidence, we must determine whether, after viewing all
the evidence in the light most favorable to the verdict, any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560 (1979).  We do not resolve any conflict of fact or assign
credibility to the witnesses, as this was the function of the trier of fact.  See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); Adelman v.
State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991).  Inconsistencies in the evidence
are resolved in favor of the verdict.  Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000); Matson, 819 S.W.2d at 843.

The Court
of Criminal Appeals articulated the standard of review for a factual
sufficiency claim in Watson v. State, 204 S.W.3d. 404 (Tex. Crim. App. 2006).  We, as the reviewing court, ask whether a neutral review of all the
evidence, though legally sufficient, demonstrates either that the proof of
guilt is so weak or that conflicting evidence is so strong as to render the
jury's verdict clearly wrong and manifestly unjust.  Watson, 204 S.W.3d at
414-15; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  AThe court
reviews the evidence weighed by the jury that tends to prove the existence of
the elemental fact in dispute and compares it with the evidence that tends to
disprove that fact.@  Johnson, 23 S.W.3d at 7
(quoting Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996)). 
The appellate court Adoes not indulge in inferences or
confine its view to evidence favoring one side of the case.  Rather, it looks
at all the evidence on both sides and then makes a predominantly intuitive
judgment. . . .A  Id. (quoting William Powers and
Jack Ratliff, Another Look at ANo Evidence@ and AInsufficient
Evidence,@  69 Texas L. Rev. 515, 519 (1991)).

The nature of a factual sufficiency review authorizes an appellate
court, although to a very limited degree, to act as the so-called “thirteenth
juror” to review the fact finder=s weighing of
the evidence and disagree with the fact finder=s
determination.  Watson, 204 S.W.3d at 417 (citing Tibbs v. Florida,
457 U.S. 31, 42-3, 102 S.Ct. 2211, 2218, 72 L.Ed.2d 652 (1982), and Meraz v.
State, 785 S.W.2d 146, 156 (Tex. Crim. App. 1990)).  If an appellate court
concludes that the evidence is factually insufficient, however, it must clearly
state why it has reached that conclusion.  Johnson, 23 S.W.3d at 7
(citing Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)).

      Analysis

      Johnson
was indicted for knowingly possessing with the intent to deliver a controlled
substance.  See Tex. Health &
Safety Code Ann. § 481.112(a) (Vernon 2003).  “’Possession’ means actual
care, custody, control, or management.”  Id. § 481.002(38) (Vernon Supp. 2006).

      “[W]hen the accused is not in exclusive possession of the place where
[a controlled] substance is found, it cannot be concluded that the accused had
knowledge of and control over the contraband unless there are additional
independent facts and circumstances which affirmatively link the accused to the
contraband.”  Poindexter v. State, 153 S.W.3d 402, 406 (Tex. Crim. App.
2005) (quoting Deshong v. State, 625 S.W.2d 327, 329 (Tex. Crim. App.
1981)).  This affirmative links rule “. . . simply restates the common-sense
notion that a person . . . may jointly possess” a place “but not necessarily
jointly possess the contraband found in that” place.  Poindexter, 153
S.W.3d at 406.  Evidence of possession “must establish, to the requisite level
of confidence, that the accused’s connection with the drug was more than just
fortuitous.”  Id. (quoting Brown v. State, 911 S.W.2d 744, 747
(Tex. Crim. App. 1995)).

      This Court has considered the following
factors in the affirmative links analysis: 

            1.   Presence when the search was
executed; 

            2.   contraband in plain view; 

            3.   proximity to and accessibility of
the contraband; 

            4.   accused under the influence of
contraband when arrested; 

            5.   accused’s possession of other
contraband when arrested; 

            6.   accused’s incriminating
statements when arrested; 

            7.   attempted flight; 

            8.   furtive gestures; 

            9.   odor of the contraband; 

            10. presence of other contraband; 

            11. accused’s right to possession of
the place where contraband was found; and 

            12. drugs found in an enclosed place. 

Rischer v. State, 85 S.W.3d 839, 843 (Tex. App.—Waco 2002, no pet.).  Courts have
also considered whether the accused was found with a large amount of cash, the
occupants of the premises gave conflicting statements about relevant matters,
the accused made incriminating statements connecting himself to the contraband,
and the quantity of the contraband.  Poindexter v. State, 115 S.W.3d
295, 299 (Tex. App.—Corpus Christi 2003), rev’d on other grounds, 153
S.W.3d 402 (Tex. Crim. App. 2005).

      Courts do not require any specific
combination of these factors to support a conviction for drug possession.  Bethancourt-Rosales
v. State, 50 S.W.3d 650, 656 (Tex. App.—Waco 2001, pet. ref’d).  Rather,
affirmative links are established by considering the totality of the
circumstances.  Rischer, 85 S.W.3d at 843.

      Johnson argues that the location of the bags
of crack cocaine found in the car can be explained by the fact that Nichols
threw the bags at both girls in an attempt to hide them from Rush.  Johnson
also argues that the affirmative-links test fails because the bags were
accessible to all other occupants of the car, Johnson did not act in a way
consistent with guilt, there was conflicting testimony concerning whether
Johnson was the only person to drive the car, there was no odor of drugs in the
car, there was no drug paraphernalia in the car, none of the occupants of the
car testified that Johnson possessed one of the three bags, he had no special
connection to the bags, and no traces of drugs were found on Johnson.

      The State argues that the evidence presented
at trial established that Johnson was affirmatively linked to the contraband.  Both
Shannon and Rachel testified that he was in the front seat when they arrived at
the gas station (although they disagreed as to whether he was driving the car)
and that he was pumping gas when Rush approached the vehicle.  The drugs for
which Johnson was indicted were located under the front seat and easily
accessible to Johnson.  Further, Rush testified that Johnson owned the car in
which the drugs were found.  

      Allen Thompson, an investigator for the Waco
Police Department who testified as the State’s expert, stated that in his
opinion the drugs found in Johnson’s car were not intended for personal use. 
He stated that an individual who possesses crack cocaine for personal use
generally has no more than one gram.  However, the bag found under Johnson’s
front seat contained approximately 14 grams of crack cocaine.  Shannon testified that Johnson had crack cocaine in his pocket earlier in the evening and
the men had stated that they needed to “get their dope off” (i.e., sell
the rest of the drugs they had).  In addition to the bags found in the car,
traces of cocaine were also detected throughout the interior of the car.

      Further, Rush testified that drug dealers
often carry large amounts of cash in assorted denominations.  At the time of
his arrest, Johnson had $516 in the following denominations:  one 50 dollar
bill, eighteen 20 dollar bills, five 10 dollar bills, nine 5 dollar bills, and
eleven 1 dollar bills.

      The State also introduced an incriminating audio
recording of a telephone call made to Crystal Ray, Nichol’s girlfriend, from
Nichol’s cell block at the McLennan County Jail.  The recording contained three
voices, two of the voices were identified as Nichols and Ray.  However, there
was conflicting testimony as to the third voice which made various
incriminating statements.[2]  Shannon testified that she believed the third voice was Johnson’s although she stated that
the District Attorney gave her a “clue” that it might be Johnson’s voice on the
recording.  Shannon stated that she smiled when she heard the tape because she
immediately recognized the voices.  Rush and Rachel also testified that the
individual on the recording was Johnson.  However, Gwendolyn Johnson, the
defendant’s mother, and Erika Montgomery, the mother of Johnson’s child, both
testified that it was not his voice on the tape.

      Rachel also testified Johnson made a
potentially incriminating statement to her after the incident.  She was in a
parked car with her cousin, and Johnson approached the car and asked to speak
to her alone.  Although her cousin protested, she walked with Johnson to an
abandoned lot near the parked car.  Once they were alone, Johnson said:  “You
know we’ve got to go to trial for this.  B. Joe has already gone.  He already
got his time.  All I need you to do is to tell the people that you don’t know
me and you don’t know nothing about me and I don’t sell no drugs.”

      In viewing the evidence in the light most
favorable to the verdict, we cannot say that a rational trier of fact could not
have found guilt beyond a reasonable doubt or that the jury was not rationally
justified in finding guilt.  Curry, 30 S.W.3d at 406.  Accordingly, we
find that the evidence is legally
sufficient to support a finding that Johnson
knowingly possessed crack cocaine as alleged.  

      In viewing the evidence in a neutral light,
we find that the jury was justified in finding Johnson guilty.  Watson, 204
S.W.3d. at 415.  The record shows that one bag of crack cocaine was found in
Johnson’s car underneath the front seat where he was sitting, he had a large
amount of cash on him at the time of his arrest, and there was evidence that he
made incriminating statements.  We do not find this evidence so weak as to
render the verdict manifestly unjust.  

      We overrule Johnson’s first and second
issues.

Extraneous Act

      In his third issue, Johnson argues that the
trial court erred in overruling his objection to the admission of evidence
pertaining to the drug transaction earlier in the evening.  He contends that
the evidence is improper character evidence admitted in violation of Texas Rule
of Evidence 404(b).  See Tex. R.
Evid. 404(b).  The State argues Rule 404(b) is not applicable because this
act is “not a separate and distinct offense, but evidence of his exercise of
custody over the crack cocaine found in the car.”  In the alternative, the
State argues that the act was properly admitted as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or absence of
mistake or accident.  Id.

      “Evidence of other crimes, wrongs or acts”
other than those for which the defendant is on trial “is not admissible to
prove the character of a person in order to show conformity therewith.”  Tex. R. Evid. 404(b).  “Generally,
evidence of extraneous offenses may not be used against the accused in a
criminal trial.”  Daggett v. State, 187 S.W.3d 444, 450 (Tex. Crim. App. 2005).  A trial court’s ruling on the admissibility of extraneous offenses
is reviewed under an abuse of discretion standard.  Prible v. State, 175
S.W.3d 724, 731 (Tex. Crim. App. 2005).  As long as the trial court’s ruling is
within the zone of reasonable disagreement, we will not interfere with the
ruling.  Graff v. State, 65 S.W.3d 730, 739 (Tex. App.—Waco 2001, pet.
ref’d).

      We find that Shannon’s testimony that
Johnson had possessed crack cocaine earlier in the evening was circumstantial
evidence that he intentionally or knowingly possessed at least one bag of crack
cocaine found in the car at the gas station, and was admissible to rebut the
defensive theory that Johnson did not have the requisite knowledge or intent.  See
Wingfield v. State, 197 S.W.3d 922, 925 (Tex. App.—Dallas 2006, no pet.). 
Accordingly, we find that the trial court did not abuse its discretion in
admitting Shannon's testimony, and we overrule Johnson’s third issue.

Conclusion

      Having overruled Johnson’s three issues, we
affirm the judgment of the trial court.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed March 14, 2007

Do
not publish 

[CR25]









    [1]   “Shannon”
and “Rachel” are pseudonyms used to protect the identity of minors.





    [2]   The
State argued that Johnson stated the following on the recording:  “I only had
one bag … I will take credit or I’ll snatch the one that belongs to me.  But I
didn’t have the other or I wouldn’t have lost 14 grams.”