# Court of Appeals

## Tenth Appellate District of Texas

---

### 10-25-00177-CV

---

Moir Watershed Services, LLC,
Appellant

v.

Law Office of Heath Gurinsky, PLLC and Spencer Hofmann,
Appellees

---

On appeal from the
40th District Court of Ellis County, Texas
Judge Bob Carroll, presiding
Trial Court Cause No. 115615

---

JUSTICE SMITH delivered the opinion of the Court.

### MEMORANDUM OPINION

Moir Watershed Services, LLC appeals from the trial court's order dismissing its legal malpractice suit against the Law Office of Heath Gurinsky, PLLC and Spencer Hofmann. In its sole issue, Moir contends the trial court erred in granting Appellees' special appearance. We affirm.

## BACKGROUND

Moir retained the Law Office of Heath Gurinsky, a New York firm, to represent it regarding Moir's indebtedness on three loans. In its petition against Appellees, Moir identified Hofmann as an attorney at the firm, although the record shows he is a paralegal employed by the Law Office of Heath Gurinsky. Moir alleged causes of action for negligence, breach of contract, and violations of the Texas Deceptive Trade Practices Act, asserting that "venue is proper as the cause of action arose in Ellis County, Texas."

Appellees filed a special appearance alleging that the trial court did not have jurisdiction over them. They asserted that they are residents of the State of New York, do not have minimum contacts with Texas, lack continuous and systematic contacts with the State of Texas, and have not personally availed themselves of the privilege of conducting activities within the State of Texas. Finally, they asserted that the exercise of jurisdiction by the trial court over them would offend traditional notions of fair play and substantial justice, depriving them of due process. They filed a brief in support of the special appearance and included affidavits of Gurinsky and Hofmann.

Moir filed a response and attached the retainer agreement and Moir's consent for the Law Office of Heath Gurinsky to work on his behalf with his

lenders. After a hearing, the trial court sustained Appellees' special appearance.

## SPECIAL APPEARANCE

In its sole issue, Moir asserts the trial court erred in granting Appellees' special appearance and dismissing Moir's lawsuit.[1] Moir contends that it contracted with Appellees for legal work, the contract was to be partly performed in Texas, and Appellees purposefully availed themselves of Texas jurisdiction. Further, it argues, because the claims made arose out of or are related to the contacts, that is the contract, the special appearance should have been denied.

### Standard of Review

To render a binding judgment, a court must have both subject matter jurisdiction over the controversy and personal jurisdiction over the parties. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871 (Tex. 2010). Whether a court has personal jurisdiction over a defendant is determined as a matter of law, which appellate courts review de novo. *Id.* When, as here, the trial court does not issue findings of fact and conclusions of law to support its special appearance

---

[1] Moir does not specify whether it is attacking the legal or factual sufficiency of the evidence. Based on its argument and a complete lack of authorities referencing sufficiency standards of review, we construe the challenge to be only a legal sufficiency challenge. *See Rischer v. State*, 85 S.W.3d 839, 842-43 (Tex. App.—Waco 2002, no pet.) (reviewing courts look to argument and authorities presented in party's brief to determine whether an issue challenges legal or factual sufficiency of the evidence or both).

determination, we presume that all factual disputes were resolved in favor of the trial court's ruling unless they are challenged on appeal. *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 8 (Tex. 2021). These implied findings are tested by evidentiary sufficiency standards. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). For legal sufficiency points, if there is more than a scintilla of evidence to support the finding, the no evidence challenge fails. *Id.*

**Applicable Law**

Texas courts have personal jurisdiction over a nonresident defendant when the Texas long-arm statute authorizes such jurisdiction, and its exercise comports with federal due process guarantees. *Luciano*, 625 S.W.3d at 8. Consistent with federal due process protections, personal jurisdiction over nonresident defendants is constitutional only when 1) the defendant has established minimum contacts with the forum state, and 2) the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Spir Star*, 310 S.W.3d at 872.

A defendant's contacts with a forum can give rise to either general or specific jurisdiction. *Id.* General jurisdiction exists when a defendant's contacts are continuous and systematic, even if the cause of action did not arise from activities performed in the forum state. *Id.*

A court has specific jurisdiction over a defendant if its contacts within the state are purposeful, meaning the defendant has sought some benefit, advantage, or profit by availing itself of the jurisdiction, and its alleged liability arises from or is related to an activity conducted within the forum, even if those contacts are isolated or sporadic. *Id.* at 873. Thus, where the defendant has deliberately engaged in significant activities within a state, he manifestly has availed himself of the privilege of conducting business in that state, invoking the benefits and protections of its laws. *Luciano*, 625 S.W.3d at 9. Further, purposeful availment and relatedness are two co-equal components. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 579 (Tex. 2007). Accordingly, there must be a "substantial connection" between the defendant's conduct and the operative facts of the litigation. *Spir Star*, 310 S.W.3d at 874. The purposeful availment analysis seeks to determine whether a nonresident's conduct and connection to a forum are such that it could reasonably anticipate being haled into court there. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 152 (Tex. 2013).

In order for a Texas court to obtain jurisdiction over a non-resident defendant, a plaintiff must first plead allegations sufficient to confer jurisdiction under the Texas long-arm statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041-.045; *Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 149. The

pleading requirement is satisfied by an allegation that the nonresident defendant is doing business in Texas, contracted with a Texas resident and either party is to perform the contract in whole or in part in Texas, or committed tortious acts in Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042; *Steward Health Care Sys. LLC v. Saidara*, 633 S.W.3d 120, 126 (Tex. App.—Dallas 2021, no pet.).

Once the plaintiff meets this initial burden, the burden shifts to the nonresident defendant to negate all potential bases for personal jurisdiction the plaintiff has alleged. *See Moncrief Oil Int'l, Inc.*, 414 S.W.3d at 149*; Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). In ruling on a special appearance, the court may consider the pleadings, stipulations made by the parties, affidavits and attachments filed by the parties, the results of discovery processes, and any oral testimony. TEX. R. CIV. P. 120a(3).

**Discussion**

In its petition, Moir alleged that Appellees committed negligence, breach of contract, and violations of the Texas Deceptive Trade Practices Act, and that those causes of action arose in Ellis County, Texas. In its brief, Moir does not assert that the trial court had general jurisdiction over Appellees. Moir contends only that the special appearance should have been overruled because the requirements for specific jurisdiction were met.

Moir was referred to the Law Office of Heath Gurinsky by a third-party service located in Florida. Appellees, residents of New York, do not maintain a place of business or a registered agent for service of process in Texas. They do not advertise their services in Texas or engage in business in Texas. Appellees have no employees or agents in Texas and have not recruited Texas residents as potential employees. Moreover, where the underlying case involves a legal malpractice action, the focus for personal jurisdiction purposes is on where the attorneys performed the legal work at issue. *See Abilene Diagnostic Clinic, PLLC v. Paley, Rothman, Goldstein, Rosenberg, Eig & Cooper, Chartered*, 364 S.W.3d 359, 365-66 (Tex. App.—Eastland 2012, no pet.). Moir hired Appellees to assist with lawsuits in New York, Arizona, and Florida, not in Texas. All work Appellees did for Moir was done in New York.

Merely contracting with a Texas resident does not satisfy the minimum contacts requirement. *Internet Advert. Grp., Inc. v. Accudata, Inc.*, 301 S.W.3d 383, 389 (Tex. App.—Dallas 2009, no pet.). Moir focuses on the fact that its part in the negotiations and decisions was performed in Texas and advice rendered by Appellees was received by Moir in Texas, asserting this provides ample contacts for Texas courts to obtain jurisdiction. However, these acts occurred in Texas because that is where Moir is located, which is merely fortuitous and does not establish any purposeful availment of Texas by

Appellees. *See Buffet Partners, L.P. v. Sheffield Square, L.L.C.*, 256 S.W.3d 920, 924 (Tex. App.—Dallas 2008, no pet.) (rejecting contention that agreement to refund security deposit at plaintiff's offices in Texas established specific jurisdiction over defendant as it was not conduct directed at the State).

Further, jurisdictionally relevant activities must be the defendant's own choice and must justify a conclusion that the non-resident defendant could reasonably anticipate being called into a Texas court with respect to a particular claim. *See BRP-Rotax GmbH & Co. KG v. Shaik*, 716 S.W.3d 98, 104 (Tex. 2025). Here, Appellees have not deliberately engaged in significant activities within Texas. There is no indication that Appellees sought some benefit, advantage, or profit by availing themselves of the privilege of conducting business in Texas. *See Spir Star*, 310 S.W.3d at 873; *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005). We conclude that the evidence negates Moir's allegation that the district court had specific jurisdiction over Appellees in this case. We overrule Moir's sole issue.

## CONCLUSION

Having overruled Moir's sole issue, we affirm the trial court's order sustaining Appellees' special appearance.

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED: January 29, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
CV06

