Eymi C. **BETHANCOURT–ROSALES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–99–330–CR.

Court of Appeals of Texas, Waco.

June 20, 2001.

Robert C. Dunn, Corsicana, for appellant.

Patrick C. Batchelor, Crim. Dist. Atty., R. Lowell Thompson, Asst. Crim. Dist. Atty., Corsicana, for appellee.

Before Chief Justice DAVIS Justice VANCE, and Justice GRAY.

## OPINION

GRAY, Justice.

A jury convicted Eymi C. Bethancourt–Rosales of possession of over 400 grams of cocaine with intent to deliver. The court sentenced her to twenty years in prison. In her sole point of error, Bethancourt–Rosales contests the legal and factual sufficiency of the evidence to support the conviction. We affirm.

## FACTUAL BACKGROUND

Texas Department of Public Safety officers stopped a vehicle in Navarro County to arrest the driver, Juan Sierra, on an outstanding warrant. Bethancourt–Rosales, the only passenger in the vehicle, told officers that she and Sierra had been in Houston for two weeks and were returning to New York. A computer check revealed that neither occupant was the registered owner of the vehicle. After receiving permission, officers began a search of the vehicle. They found cut carpet lying loose under the back seat, signs that the seat itself had been removed several times, and what appeared to be an enclosed compartment in the undercarriage. They also discovered a receipt indicating that Bethancourt–Rosales had taken the vehicle in for repairs just five days before- but in Ohio, not Houston where she claimed to have been. When the back seat of the vehicle was removed, officers discovered almost 10 kilograms of 75% pure cocaine in a hidden compartment. Bethancourt–Rosales was arrested.

## SUFFICIENCY OF THE EVIDENCE

Bethancourt–Rosales claims that nothing was presented at trial to demonstrate that she knew or should have known about the cocaine hidden in the vehicle in which she was riding.

### Standard of review

■ We will follow the usual standard of review for legal and factual sufficiency. In our legal sufficiency review, we view the relevant evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560 (1979). This standard of review is applicable in both direct

and circumstantial evidence cases.[1] *Chambers v. State*, 711 S.W.2d 240 (Tex. Crim.App.1986).

When conducting a review of the factual sufficiency of the evidence, we begin with the assumption that the evidence is legally sufficient. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App.1997). We then apply the standard of review set out by the Court of Criminal Appeals in *Johnson v. State*, 23 S.W.3d 1 (Tex.Crim. App.2000). We ask "whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the [fact finder's] determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *Id.* at 11; *see also Cain v. State*, 958 S.W.2d 404 (Tex.Crim.App.1997); *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996). The jury is the judge of the credibility of the witnesses and may "believe all, some, or none of the testimony." *Chambers v. State*, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991).

**Elements of the charged offense**

Bethancourt–Rosales was charged with possession of cocaine with the intent to distribute. To establish the unlawful possession of cocaine, the State must prove that the defendant (1) exercised care, control, or management over the contraband, and (2) knew what he possessed was contraband. TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(38), 481.115 (Vernon Supp.2001); *Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App.1995). As a general rule, intent to distribute can be inferred from the possession of a large amount of controlled substance. *United States v. Meneses–Davila*, 580 F.2d 888, 897 (5th Cir.1978).

The State may prove the elements of possession through circumstantial evidence. *Williams v. State*, 859 S.W.2d 99, 101 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd). However, when the defendant is not in sole possession of the premises where the contraband is found, the State must prove more than the defendant's mere presence in the vicinity of the substance. *Castellano v. State*, 810 S.W.2d 800, 805 (Tex.App.—Austin 1991, no pet.). Although there has been some disagreement among courts regarding the requirement of "affirmative links" in joint possession cases, we find that examination of the facts and circumstances linking the accused and the contraband is still a logically sound method of analysis. *Collins v. State*, 901 S.W.2d 503 (Tex.App.—Waco 1994, reh'g overruled 1995). Courts have considered a number of factors as affirmative links, including the following set out by the *Green* court:

1. Whether the defendant was present when the search was executed;

2. Whether the contraband was in plain view;

3. Whether the contraband was close and accessible to the defendant;

4. Whether the defendant was under the influence of a controlled substance at the time of his arrest;

5. Whether the defendant possessed other contraband when arrested;

---

**1.** Previously, a conviction based on circumstantial evidence could be sustained only if the circumstances excluded every reasonable hypothesis other than the defendant's guilt. *Humason v. State*, 728 S.W.2d 363 (Tex.Crim. App.1987). The *Geesa* court rejected this test and returned to the *Jackson* standard in circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991).

6. Whether the defendant made incriminating statements when arrested;

7. Whether the defendant attempted to flee;

8. Whether the defendant made furtive gestures;

9. Whether the odor of the contraband was present;

10. Whether the contraband or drug paraphernalia was present;

11. Whether the defendant owned or had a right to possess the place where the drugs were found; and

12. Whether the drugs were discovered in an enclosed space.

*Green v. State*, 892 S.W.2d 220, 222 (Tex. App.—Texarkana 1995, pet. ref'd). Other courts have expanded the list of affirmative links to include:

1. The amount of contraband is large enough to indicate that the accused knew of its presence. *Menchaca v. State*, 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref'd);

2. The defendant offers an implausible story to explain his actions. *United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir.1998); and

3. The defendant exhibits an unnatural equanimity and lack of concern throughout the temporary detention and subsequent investigation. *Fields v. State*, 932 S.W.2d 97, 104 (Tex.App.—Tyler 1996, pet. ref'd).

The number of factors presented is less important than the totality of the circumstances linking the defendant to the contraband. *Martinets v. State*, 884 S.W.2d 185, 188 (Tex.App.—Austin 1994, no pet.).

██ Knowledge can sometimes be inferred solely from the defendant's control of the vehicle in which the drugs are found, especially when the amount of the contraband is large enough to indicate that the accused knew of its presence. However, when the drugs are found in a hidden compartment in the vehicle, courts require more. *Castellano v. State*, 810 S.W.2d 800, 806 (Tex.App.—Austin 1991, no pet.). The Fifth Circuit requires that evidence of control be supplemented by other circumstantial evidence "that is suspicious in nature or demonstrates guilty knowledge." *United States v. Garza*, 990 F.2d 171, 174 (5th Cir.1993).

**Legal sufficiency**

██ This appears to be a typical hidden compartment case, with a large amount of contraband found in an enclosed space of a vehicle over which the defendant had some control. Several affirmative links were established by the evidence. (1) Large amount: A detective in the Narcotics division for Navarro County testified that the 9.83 kilograms of cocaine in powder form had a street value of between thirty thousand and forty-five thousand dollars. Converted to rock form, this cocaine could easily have a street value of one million dollars. (2) Enclosed space: The video tape taken by the Texas Department of Public Safety during the search showed that the compartment concealing the drugs was welded into the undercarriage of the vehicle and accessible only by removing the back seat and carpet. (3) Possession or control of location: Although Bethancourt–Rosales was not the driver nor the registered owner of the vehicle, the repair receipt found in the vehicle reflected that Bethancourt–Rosales had been in possession of the vehicle five days prior to the search.

However, *Garza* requires that these typical factors found in a hidden compartment case be supplemented by other circumstantial evidence. *Garza*, 990 F.2d at 174. The State asserts that there are several

more affirmative links between Bethancourt–Rosales and the cocaine:

1. It is implausible that Bethancourt–Rosales would be unaware of such a large quantity of cocaine;

2. Bethancourt–Rosales gave a false story to law enforcement officers; and

3. Bethancourt–Rosales exhibited an unnatural equanimity and lack of surprise during the search.

### 1. Quantity of drugs

Several courts have upheld convictions based in part on the testimony of officers familiar with the value of drugs and common patterns of drug transportation. *See Fields v. State*, 932 S.W.2d at 102; *Menchaca v. State*, 901 S.W.2d at 652. Here, law enforcement officers linked Bethancourt–Rosales to drug trafficking through such testimony. One detective testified that Houston is a known drug-trafficking point of origin. At the time of the search, Bethancourt–Rosales claimed that she was returning from Houston. According to the detective, drugs are commonly transported by "mules" who are paid to transport the drug from one place to another, usually not in their own vehicles. Based on his experience and training, the detective testified that the owner of such a large amount of cocaine would not allow it to be transported by someone unfamiliar to him or by someone who was unaware of the presence of the drugs. By itself, this testimony might not support a finding of guilty knowledge-although it does suggest suspicious circumstances. There are, however, more factors to consider here.

### 2. Implausible story

■ An implausible story advanced by a defendant to explain his actions can provide circumstantial evidence indicating guilty knowledge. *See United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998), *United States v. Casilla*, 20 F.3d 600, 607 (5th Cir.1994). Testimony revealed that Bethancourt–Rosales told a law enforcement officer that she and the driver had no friends or family in Houston; she claimed that they had gone there just to see the city. The officer stated that on two separate occasions she claimed to have been in Houston for the previous two weeks. However, upon an inventory search of the vehicle, the officer found a receipt from a Jiffy Lube in Ohio, indicating that Bethancourt–Rosales had taken the vehicle in for repairs and had paid for the work only five days prior to the traffic stop in Navarro County, Texas. The jury was free to infer guilty knowledge from the implausibility of the story in light of this evidence.

### 3. Lack of surprise

■ Bethancourt–Rosales argues that because she did not appear agitated or frightened during the search, she obviously did not know that there were drugs in the vehicle. However, lack of surprise or concern during a temporary detention and investigation can suggest knowledge of the presence of contraband. *See Fields*, 932 S.W.2d at 104; *United States v. Del Aguila–Reyes*, 722 F.2d 155, 157 (5th Cir.1983). The jury could have inferred guilty knowledge[2] from lack of surprise at the discovery of the cocaine when taken in context with the false story offered by Bethancourt–Rosales.

---

**2.** Or at least what the *Del Aguila–Reyes* court calls "deliberate ignorance." *Del Aguila–*

*Reyes*, 722 F.2d at 158.

We agree with the State that these additional factors also demonstrate suspicious circumstances and guilty knowledge. Viewed in the light most favorable to the verdict, the cumulative weight of these facts is sufficient to supply the affirmative links to connect Bethancourt–Rosales to the cocaine and, thus, sufficient to establish beyond a reasonable doubt that she possessed the cocaine with the intent to distribute.

**Factual sufficiency**

■ We now consider all the evidence offered at trial in a neutral light to determine whether it was factually sufficient. In addition to the testimony that we considered in our legal sufficiency review, we need to consider the following. (1) Law enforcement officers testified that the compartment was not visible from the outside of the vehicle or from the front passenger's seat where Bethancourt–Rosales was sitting. (2) During the search, power tools and a screw driver were used to remove the seat and to open the electronic latch of the compartment. (3) The chemist who analyzed the bundles found in the hidden compartment testified that the cocaine was wrapped in grease and that the odor would not necessarily be detectable. (4) The Jiffy Lube receipt reflects Ohio license plate MBJ–4509 rather than Pennsylvania plate MBJ–4509.[3]

In her brief, Bethancourt–Rosales emphasizes the affirmative links that are not established by testimony at trial. No tools that would provide access to the compartment were found in the vehicle. There was no testimony suggesting that Bethancourt–Rosales was under the influence of a controlled substance when arrested or that any other contraband or paraphernalia were found during the search. There was no odor in the vehicle to suggest contraband. The video tape did not reveal any furtive gestures or statements that indicated that Bethancourt–Rosales knew of the cocaine. Hence, she contends that the evidence is factually insufficient to support her conviction.

■ We find that the evidence is factually sufficient to support the conviction of Bethancourt–Rosales. Many factors may be considered affirmative links, but no court has required that any specific combination of these factors be present to support a conviction for drug possession. Instead, courts look to the totality of the circumstances and whether the factors establish the elements of the offense. *Jones v. State*, 963 S.W.2d 826, 830 (Tex.App.— Texarkana 1998, pet. ref'd). The degree of credibility and weight to be given testimony is within the sole province of the jury. We must always remain cognizant of the fact finder's role and unique position, a position we are unable to occupy. "The authority granted in *Clewis* to disagree with the fact finder's determination is appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice. Otherwise, due deference must be accorded to the fact finder's determinations, particularly those determinations concerning the weight and credibility of the evidence." *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim.App.2000). Therefore, we defer to the jury's determination based on the evidence presented to it in this case.

**CONCLUSION**

Having overruled the only point of error presented by Bethancourt–Rosales, we af-

---

3. Bethancourt–Rosales states that she objected to entry of this receipt into evidence at the time of trial. She does not complain that this exhibit was erroneously admitted or ask that we address the objection.

# 657

firm the judgment of the trial court.[4]

---

4. We do not address the motion for new trial mentioned by Bethancourt–Rosales because she does not complain of the ruling in any point of error. Therefore, nothing regarding that motion has been presented to this court for review. *See Garcia v. State,* 887 S.W.2d 862, 882, 883 (Tex.Crim.App.1994).