In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00205-CR


______________________________




SAMUEL SERNA, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 123rd Judicial District Court


Panola County, Texas


Trial Court No. 2000-C-207




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Samuel Serna appeals from his conviction by a jury for possession of between five and fifty
pounds of marihuana. The jury assessed his punishment at ten years' imprisonment and a $10,000.00
fine. Serna contends that the evidence was legally insufficient to convict him of possession, that the
State did not link him to penitentiary packets introduced during punishment, and that the trial court
abused its discretion by admitting a fingerprint card. We reverse the judgment of the trial court. 

Background Facts

 Serna was a passenger in a car in which the driver voluntarily returned and stopped after an
officer who had been pursuing the vehicle had a tire blow out at a very high rate of speed. The
officer, Investigator Dusty Flanagan, questioned the driver and Serna separately. Neither admitted
knowing more than the other's first name, but both said they had spent a week in South Bend,
Indiana, visiting friends and were returning together to Rio Grande City. When questioned in more
detail, the driver said he had flown to Indiana and stayed at his girlfriend's house, while Serna stayed
in a hotel. Serna said he had driven to Indiana with other friends and had stayed with the driver at
the girlfriend's house. Flanagan testified he considered the stories conflicting.

 The driver, Antelmo Islas, Jr., proved to have no driver's license or insurance on the
automobile, which he stated he had purchased four days earlier. Flanagan arrested Islas. Islas had
originally given Flanagan permission to search his car, then retracted it, and when informed that
Flanagan was going to be doing an inventory search anyway, capitulated and again agreed to the
search. 

 No controlled substance was found in the passenger compartment or on Serna. When the
officer searched the trunk, he found eight bundles of marihuana in the spare tire well. When
Flanagan asked Serna if he knew anything about the marihuana, Serna said he knew nothing. Neither
party was carrying unusual amounts of cash, and none was found in the vehicle.

Legal Sufficiency Analysis

 In our review of the legal sufficiency of the evidence, we employ the standards set forth in
Jackson v. Virginia, 443 U.S. 307 (1979). This calls on the court to view the relevant evidence in
the light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000). In our review, we must evaluate all of the evidence in the record, both
direct and circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999). 

 A person possesses a substance when he or she exercises "care, custody, control, or
management" over the substance. Tex. Pen. Code Ann. § 1.07(a)(39) (Vernon 2003); Gant v. State,
No. 12-01-00172-CR, 2003 WL 252133, at *5 (Tex. App.-Tyler Feb. 5, 2003, pet. filed). Thus, to
support a conviction for possession of marihuana, the State must prove two elements: (1) the
accused exercised actual care, custody, control, or management over the marihuana, and (2) the
accused knew that the matter "possessed" was contraband. See Tex. Health & Safety Code Ann.
§ 481.121 (Vernon 2003); Guiton v. State, 742 S.W.2d 5, 8 (Tex. Crim. App. 1987). If the accused
was not in exclusive possession of the contraband, the State is required to present evidence
affirmatively linking him or her to it. Brown v. State, 911 S.W.2d 744, 748 (Tex. Crim. App. 1995). 
Control over the contraband need not be exclusive, but can be jointly exercised by more than one
person. McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985). In order to establish
guilt, the State must prove both that the accused had control over the contraband and that the accused
had knowledge of its existence and character. Brown, 911 S.W.2d at 747-48; Menchaca v. State, 901
S.W.2d 640, 651 (Tex. App.-El Paso 1995, pet. ref'd). There is no set formula of facts that dictate
a finding of affirmative links sufficient to support an inference of knowing possession of contraband. 
Porter v. State, 873 S.W.2d 729, 732 (Tex. App.-Dallas 1994, pet. ref'd). 

 This "affirmative link" may be shown by either direct or circumstantial evidence, and "it must
establish, to the requisite level of confidence, that the accused's connection with the drug was more
than just fortuitous." Brown, 911 S.W.2d at 747.

 When an accused is not in exclusive possession of the place where contraband is found, it
cannot be concluded he or she had knowledge or control over the contraband unless there are
additional independent facts and circumstances which affirmatively link him or her to the
contraband. Id. at 748; Menchaca, 901 S.W.2d at 651.

 Factors recognized that are to be considered when evaluating affirmative links include: 1) the
defendant's presence when the search was executed; 2) whether the contraband was in plain view;
3) the defendant's proximity to and the accessibility of the contraband; 4) whether the defendant was
under the influence of a controlled substance when arrested; 5) whether the defendant possessed
other contraband when arrested; 6) whether the defendant made incriminating statements when
arrested; 7) whether the defendant attempted to flee; 8) whether the defendant made furtive gestures;
9) whether there was an odor of the contraband; 10) whether other contraband or drug paraphernalia
was present; 11) whether the defendant owned or had the right to possess the place where the drugs
were found; 12) whether the place the drugs were found was enclosed; 13) whether there was a
significant amount of drugs; and 14) whether the defendant possessed weapons or large amounts of
cash. Stubblefield v. State, 79 S.W.3d 171, 174 (Tex. App.-Texarkana 2002, pet. ref'd); Jones v.
State, 963 S.W.2d 826, 830 (Tex. App.-Texarkana 1998, pet. ref'd); De La Garza v. State, 898
S.W.2d 376, 379 (Tex. App.-San Antonio 1995, no pet.). The number of affirmative links present
is not as important as the degree to which they tend to link the defendant to the controlled substance. 
Taylor v. State, 106 S.W.3d 827, 831 (Tex. App.-Dallas 2003, no pet.); Williams v. State, 906
S.W.2d 58, 65 (Tex. App.-Tyler 1995, pet. ref'd); Whitworth v. State, 808 S.W.2d 566, 569 (Tex.
App.-Austin 1991, pet. ref'd). Further, any list of affirmative links is by its very nature
nonexclusive. Castellano v. State, 810 S.W.2d 800, 805 (Tex. App.-Austin 1991, no pet.).

 The amount of contraband found was just over nine pounds of marihuana, in eight bags. 
Thus, the quantity alone was not enough to suggest that Serna necessarily knew about its presence. 
Cf. Bethancourt-Rosales v. State, 50 S.W.3d 650, 654 (Tex. App.-Waco 2001, pet. ref'd) (presence
of 9.83 kilograms of cocaine, with potential street value of over $1,000,000.00 made it less likely
that its owner would allow a person who did not know of its presence in a very well hidden
compartment in a car to drive away with the car).

 This is a legal sufficiency analysis. Thus, we look to see if there is any evidence which,
considered in the light most favorable to the verdict, would allow a rational trier of fact to convict. 
The evidence in this case as to the affirmative links between the defendant and the contraband is the
following: 

 (1) The defendant was present at the time of the search. As set out above, however, mere
presence will not suffice. 

 (2) The contraband was not in plain view.

 (3) Serna was a passenger in the car, and the contraband was hidden in the trunk. 
Therefore, it was not in immediate proximity to him, and although he could have gained access to
the trunk, clearly the items were not easily accessible. 

 (4) There is no evidence Serna was under the influence of any controlled substance at the
time. 

 (5) Serna had no contraband on his person, and nothing was found near him. 

 (6) Serna made no incriminating statements.

 (7) Serna did not attempt to flee. 

 (8) Although the State equates Serna sitting with his eyes closed to a form of "furtive
gesture," we are unconvinced this qualifies as such. Further, the "furtive gesture" concept is typically
considered in the context of hiding or disposing of contraband, and there is no indication of any such
activity here.

 (9) The arresting officer did not testify there was any odor of marihuana either in the
passenger compartment or in the trunk. Another officer, Investigator Josh Ellis, testified he smelled
what he described as a "residual odor, a small odor" in the trunk.

 (10) No other contraband nor any drug paraphernalia was present. 

 (11) Although there was some dispute about the ownership of the vehicle, there is no
evidence to suggest Serna owned it or had any right to possess it. As a passenger, he was not in
control of its movement.

 (12) The place where the marihuana was found was enclosed, not within the sight of
Serna. 

 (13) The amount of marihuana found was on the lower end of the quantity scale (nine
pounds).

 (14) Serna had neither weapons nor a large amount of cash in his possession. In fact, the
officers found neither weapons nor cash in their search of the vehicle.

 In other evidence not falling neatly within this nonexclusive list of factors, Flanagan testified
as set out above about a discrepancy in Islas' and Serna's stories about where Serna had spent the
night during their time in Indiana, and testified that Serna claimed not to know the last name of the
person with whom he had stayed for a week and with whom he had driven from Indiana to Texas. 
There is also evidence there were clothes in the trunk of the car, in a dirty clothes tub and a white
trash bag, and there were multiple sizes of clothes. The officer indicated that Islas was a very large
person and that there were some medium-sized clothes in the trunk that he could not have worn. 
Clothing of several sizes in the trunk of the vehicle does not link Serna to the contraband. The
officer also testified that, while at the scene, Islas and Serna spoke briefly to each other in Spanish
(until he directed them to stop). The State argues this is equivalent to a furtive gesture which could
have the effect of concealing information from the authorities, but does not suggest what might have
been concealed. 

 The State also relies on a number of other factors, such as the fact that the car was being
driven at a high rate of speed, that the officer testified he believed the driver was attempting to
escape from him-although the driver turned around and came back, that the driver had no
identification or insurance papers, and that the driver was not truthful about vehicle ownership. 
These matters would be entitled to some weight if the driver were the defendant. He is not. Serna
cannot be held accountable for the actions of the driver of the vehicle, and the driver's choices of
behavior cannot be imputed to Serna; thus, his actions do not indicate any knowledge of guilt on
Serna's part. 

Conclusion

 We have carefully reviewed the evidence and considered the inferences that might reasonably
be drawn from that evidence. Although the fact that Serna was found in a vehicle that had
contraband hidden within it is to some degree suspicious, "mere presence" is not enough to sustain
a conviction. See Davis v. State, 74 S.W.3d 90, 96 (Tex. App.-Waco 2002, no pet.); Castellano, 810
S.W.2d at 805. (1) We have considered that evidence in conjunction with all of the remaining evidence
in the light most favorable to the verdict, and we conclude that, under this evidence, no rational trier
of fact could have found beyond a reasonable doubt that Serna was in possession of the contraband,
either personally or jointly. Because of our disposition of this point of error, we need not address
the remaining issues.




 

 We reverse the judgment and render a judgment of acquittal.




 Jack Carter

 Justice


Date Submitted: September 26, 2003

Date Decided: October 8, 2003


Do Not Publish
1. Indeed, in some situations, the courts have held that presence, or even flight, is not enough
to sustain a conviction, but correctly point out that such facts may be considered in determining
whether an appellant was a party to the offense. Valdez v. State, 623 S.W.2d 317, 321 (Tex. Crim.
App. [Panel Op.] 1979) (op. on reh'g); Miller v. State, 83 S.W.3d 308 (Tex. App.-Austin 2002, pet.
ref'd).