NO. 07-04-0433-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



FEBRUARY 1, 2005


______________________________



AMANDA NICOLE STANFORD, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B15341-0401; HON. ED SELF, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

 Appellant, Amanda Nicole Stanford, appeals her conviction for possessing a
controlled substance (methamphetamine) in an amount of more than four but less then 200
grams. In one issue, she challenges the sufficiency of the evidence to show that she
knowingly and intentionally possessed a controlled substance. (1) We affirm the judgment
of the trial court.


Background


 On January 3, 2004, an off duty deputy was driving south on Interstate 27. While
doing so, he observed a red vehicle being driven by appellant in an erratic manner. As he
approached the Hale County line, he called Hale County Deputy Tommy Baker and alerted
him to the vehicle. In response, Baker waited for it to come into view, observed the vehicle
change lanes without signaling, and made a traffic stop. 

 During the stop, the deputy learned that the car had been rented by appellant and
that she had an outstanding warrant. This resulted in her being arrested and the deputy
conducting an inventory search of the car. As he did so, he discovered a package wrapped
in black tape placed in the space between the two front seats. The package measured
approximately 6" x 3" x 3". When the deputy asked appellant what the package was, she
told him that it was not hers. Finding the answer non-responsive, he repeated his question
to her. She again told him it was not hers. Thereafter, the deputy opened the item and
discovered that it contained methamphetamine.

Sufficiency


 In her sole issue, appellant asserts that the evidence is "insufficient" to prove she
knowingly and intentionally possessed the drugs. That is, she posits that the evidence did
not sufficiently "link" her to the package containing the controlled substance. We overrule
the issue. 

 To convict one of possessing a controlled substance, the State must prove beyond
reasonable doubt that the defendant exercised care, custody, control, or management over
the substance while knowing it was contraband. See Tex. Health & Safety Code Ann. §
481.002(38) (Vernon Supp. 2004-2005); see also King v. State, 895 S.W.2d 701, 703 (Tex.
Crim. App. 1995). Control over the drug can be established through either direct or
circumstantial evidence. Park v. State, 8 S.W.3d 351, 353 (Tex. App.-Amarillo 1999, no
pet.). 

 Here, the record illustrates that appellant had rented the car. And, other than for a
dog that traveled with her, she was alone in the vehicle. Moreover, the wrappers, dog food,
and miscellaneous matter strewn about the car suggests that she had exercised
possession over it for more than a brief period. To this we add her non-responsive answer
to the deputy's question. Again, instead of disclaiming knowledge of what the package was
or held when asked, she simply told the deputy that it was not hers. In other words, she
attempted to distance herself from it. And, while the package may not have been instantly
visible from between the seats, it was not hidden but simply placed in the "crack" between
the seats. So too was it of a size (6" x 3" x 3") and appearance (wrapped in black tape)
that one could reasonably deduce would not escape notice by someone driving the car for
more than a brief period. Finally, given its location, it was readily accessible to her.

 Exclusive possession of the place where illegal substances are found can be
evidence of knowledge and control. Bethancourt-Rosales v. State, 50 S.W.3d 650, 654
(Tex. App.-Waco 2001, pet. ref'd) (holding that knowledge can sometimes be inferred
solely from the defendant's control of the vehicle in which the drugs are found, especially
when the amount of contraband is large enough to indicate that the accused knew of its
presence). Here, appellant was the person with the right to possess the vehicle, was the
only person in it at the time, and had with her various of her personal belongings. 
Furthermore, the drugs were found in close proximity to her and were of a considerably
greater quantity than that indicative of personal use. Given this, we hold that the evidence
is both legally and factually sufficient to "link" her to the drugs and support her conviction. 
 Accordingly, the issue is overruled and the judgment of the trial court is affirmed.


 Brian Quinn 

 Justice


Do not publish.
1. Appellant does not indicate whether she complains about the legal or factual sufficiency of the
evidence or both. Nonetheless, we will address both per the standards of review described in King v. State,
29 S.W.3d 556 (Tex. Crim. App. 2000).



AN STYLE="font-size: 11pt">See TRAP 25.2(b)(3); White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001). 
Dismissal of an issue or the entire matter is appropriate unless the form of the notice of
appeal is proper to perfect appeal as to the issue or matter. Id. 

 Appellant's Notice of Appeal does not contain one of the three allegations
necessary to invoke our appellate jurisdiction over an appeal from his conviction. See
TRAP 25.2(b)(3); White, 61 S.W.3d at 428. Accordingly, our jurisdiction has not been
invoked and we dismiss the appeal for want of jurisdiction. 

 Per Curiam 

Do not publish. 
1. A rule of appellate procedure will be referred to as "TRAP_" hereafter.
2. In a criminal case, appeal is perfected by timely filing a notice of appeal. Tex. R.
App. P. 25.2(a). The notice of appeal must be filed within 30 days after the day sentence
is imposed or after the day the trial court enters an appealable order, unless a timely
motion for new trial is filed. Id. Because appellant's notice did not invoke our appellate
jurisdiction even if timely filed, we need not and do not address the question of the
discrepancy between the date of July 28, 2001, in the certificate of service and the date
of February 4, 2002, on which the document was filed by the clerk.