NO. 07-04-0433-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 1, 2005
_____

AMANDA NICOLE STANFORD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B15341-0401; HON. ED SELF, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

Appellant, Amanda Nicole Stanford, appeals her conviction for possessing a controlled substance (methamphetamine) in an amount of more than four but less then 200 grams. In one issue, she challenges the sufficiency of the evidence to show that she knowingly and intentionally possessed a controlled substance.[1] We affirm the judgment of the trial court.

_____

[1]Appellant does not indicate whether she complains about the legal or factual sufficiency of the evidence or both. Nonetheless, we will address both per the standards of review described in *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000).

### Background

On January 3, 2004, an off duty deputy was driving south on Interstate 27. While doing so, he observed a red vehicle being driven by appellant in an erratic manner. As he approached the Hale County line, he called Hale County Deputy Tommy Baker and alerted him to the vehicle. In response, Baker waited for it to come into view, observed the vehicle change lanes without signaling, and made a traffic stop.

During the stop, the deputy learned that the car had been rented by appellant and that she had an outstanding warrant. This resulted in her being arrested and the deputy conducting an inventory search of the car. As he did so, he discovered a package wrapped in black tape placed in the space between the two front seats. The package measured approximately 6" x 3" x 3". When the deputy asked appellant what the package was, she told him that it was not hers. Finding the answer non-responsive, he repeated his question to her. She again told him it was not hers. Thereafter, the deputy opened the item and discovered that it contained methamphetamine.

### Sufficiency

In her sole issue, appellant asserts that the evidence is "insufficient" to prove she knowingly and intentionally possessed the drugs. That is, she posits that the evidence did not sufficiently "link" her to the package containing the controlled substance. We overrule the issue.

To convict one of possessing a controlled substance, the State must prove beyond reasonable doubt that the defendant exercised care, custody, control, or management over the substance while knowing it was contraband. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon Supp. 2004-2005); *see also King v. State,* 895 S.W.2d 701, 703 (Tex.

Crim. App. 1995). Control over the drug can be established through either direct or circumstantial evidence. *Park v. State,* 8 S.W.3d 351, 353 (Tex. App.–Amarillo 1999, no pet.).

Here, the record illustrates that appellant had rented the car. And, other than for a dog that traveled with her, she was alone in the vehicle. Moreover, the wrappers, dog food, and miscellaneous matter strewn about the car suggests that she had exercised possession over it for more than a brief period. To this we add her non-responsive answer to the deputy's question. Again, instead of disclaiming knowledge of what the package was or held when asked, she simply told the deputy that it was not hers. In other words, she attempted to distance herself from it. And, while the package may not have been instantly visible from between the seats, it was not hidden but simply placed in the "crack" between the seats. So too was it of a size (6" x 3" x 3") and appearance (wrapped in black tape) that one could reasonably deduce would not escape notice by someone driving the car for more than a brief period. Finally, given its location, it was readily accessible to her.

Exclusive possession of the place where illegal substances are found can be evidence of knowledge and control. *Bethancourt-Rosales v. State,* 50 S.W.3d 650, 654 (Tex. App.–Waco 2001, pet. ref'd) (holding that knowledge can sometimes be inferred solely from the defendant's control of the vehicle in which the drugs are found, especially when the amount of contraband is large enough to indicate that the accused knew of its presence). Here, appellant was the person with the right to possess the vehicle, was the only person in it at the time, and had with her various of her personal belongings. Furthermore, the drugs were found in close proximity to her and were of a considerably greater quantity than that indicative of personal use. Given this, we hold that the evidence

3

is both legally and factually sufficient to "link" her to the drugs and support her conviction.

Accordingly, the issue is overruled and the judgment of the trial court is affirmed.


Brian Quinn
Justice


Do not publish.