NO. 07-05-0087-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 29, 2006
_____

ANIBAL HERIBERTO VALLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 3972; HONORABLE STEVEN R. EMMERT, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**DISSENTING OPINION**

Because I disagree that the evidence is factually insufficient to support the conviction, and would affirm the trial court's judgment, I must respectfully dissent from the Court's decision to reverse.

I agree with the Court that the officers' descriptions of appellant's demeanor during the search of his tractor-trailer rig shed little light on the issue of his knowing possession of the hidden marijuana. But, coupled with the undisputed evidence of appellant's sole

control of the rig[1] both before and after the cargo was loaded, I think the inference of appellant's guilty knowledge of the illicit part of his cargo is sufficiently supported by the evidence of appellant's cross-country transportation of an empty trailer, followed by his cross-country transportation of the trailer a quarter-full of cargo; appellant's acknowledged presence when the cargo was loaded in Los Angeles; the manner in which the cargo was loaded, with the charcoal bags stacked on the pallet reaching almost to the top of the trailer, hiding the shorter pallets of corn flour; the nature of the cargo documentation appellant carried; the $3820 total value of the legal cargo compared with the much greater value of the marijuana; that, although the cargo documentation was somewhat consistent with appellant's testimony about the circumstances under which he took possession of the cargo, the documentation easily can be read to indicate he paid cash, at least for the corn flour; and appellant's purchase and use of a lock for the trailer after his cargo was loaded.[2]

I would find that, viewing all the evidence in a neutral light, the evidence supporting an

---

[1] *See Menchaca v. State*, 901 S.W.2d 640, 652 (Tex.App.–El Paso 1995, pet. ref'd) (knowledge of presence of contraband inferred from control of vehicle in some circumstances).

[2] *United States v. Garza*, 990 F.2d 171, 174 (5th Cir. 1993) (finding circumstantial evidence supported conclusion of truck driver's knowing possession when drugs hidden and not readily accessible to driver). The facts in *Garza* are similar to those in our present case. After the tractor trailer rig Garza was driving was stopped at a checkpoint, Border Patrol agents found cocaine concealed in his load of limes. 990 F.2d at 173. In addition to his control and ownership of the truck, the appellate court found Garza's guilty knowledge of the presence of the cocaine was supported by his nervousness and trembling; a false bill of lading hidden in the truck; his admitted falsification of his log book, accompanied by an implausible explanation; the "enormous" quantity of cocaine found; and suspicious circumstances involving Garza's delayed departure and his abandonment of his unlocked truck for a time. *Id*. at 176. The federal court's analysis can be seen as an application of the same type of "links" analysis Texas courts perform to evaluate evidence of a defendant's knowing possession of drugs found on premises not solely in the defendant's possession. *See Bethancourt-Rosales v. State*, 50 S.W.3d 650, 653-55 (Tex.App.–Waco 2001, pet. ref'd) (citing *Garza* in links analysis).

2

inference of appellant's guilty knowledge of the presence of the marijuana is not so obviously weak as to undermine confidence in the jury's verdict. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App. 2000) (setting out factual sufficiency standard of review).

As I understand the record, except for the invoices and the copy of appellant's truck lease, the only evidence supporting his versions of the purpose of his trip to Los Angeles and of the circumstances surrounding the loading of cargo comes from appellant's testimony. I conclude also that the jury's apparent rejection of parts of appellant's story and its finding of his knowing possession of the marijuana are not greatly outweighed by contrary proof. *Johnson v. State*, 23 S.W.3d at 11.

James T. Campbell
Justice

Publish.