NO. 07-08-0052-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 5, 2008

______________________________


PEDRO GRIMALDO MENDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 5629; HONORABLE KELLY G. MOORE, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Pedro Grimaldo Mendez, was convicted of retaliation, enhanced, and
sentenced to twenty-five years confinement. The Trial Court’s Certification of Defendant’s
Right of Appeal contained in the clerk’s record reflects that Appellant waived his right of
appeal. 
          By letter dated May 12, 2008, this Court notified Appellant’s counsel that the
certification reflected a waiver of appeal and requested a response before May 22, 2008. 
The Court also notified counsel that unless an amended certification indicating otherwise
or other grounds for appeal were provided, the appeal was subject to dismissal. No
response was filed nor was an amended certification made a part of the record. 
          Consequently, the appeal is dismissed.
                                                                           Patrick A. Pirtle

                                                                                 Justice





Do not publish.




s knowing possession when drugs hidden
and not readily accessible to driver). The facts in Garza are similar to those in our present
case. After the tractor trailer rig Garza was driving was stopped at a checkpoint, Border
Patrol agents found cocaine concealed in his load of limes. 990 F.2d at 173. In addition
to his control and ownership of the truck, the appellate court found Garza's guilty
knowledge of the presence of the cocaine was supported by his nervousness and
trembling; a false bill of lading hidden in the truck; his admitted falsification of his log book,
accompanied by an implausible explanation; the "enormous" quantity of cocaine found; and
suspicious circumstances involving Garza's delayed departure and his abandonment of his
unlocked truck for a time. Id. at 176. The federal court's analysis can be seen as an
application of the same type of "links" analysis Texas courts perform to evaluate evidence
of a defendant's knowing possession of drugs found on premises not solely in the
defendant's possession. See Bethancourt-Rosales v. State, 50 S.W.3d 650, 653-55
(Tex.App.-Waco 2001, pet. ref'd) (citing Garza in links analysis).