PD-0411-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/13/2015 4:16:07 PM
Accepted 4/15/2015 4:58:11 PM
ABEL ACOSTA
CLERK

NO. _____ PD

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

_____

**GARY DESHAUN DENT**

*Petitioner,*

**VS.**

**THE STATE OF TEXAS**

*Respondent*

_____

Petition in Cause No. CR30123 from the
75TH District Court of Liberty County, Texas and
the Court of Appeals for the
14TH District of Texas

_____

**PETITION FOR DISCRETIONARY REVIEW**

_____

TOM ABBATE
440 LOUISIANA ST, STE 200
HOUSTON, TX 77002
T: 713.223.0404
F: 800.501.3088
tom@tomabbatelaw.com
SBOT # 24072501

FILED IN
COURT OF CRIMINAL APPEALS

April 15, 2015

ABEL ACOSTA, CLERK

ATTORNEY FOR PETITIONER

## IDENTITIES OF PARTIES AND COUNSEL

1. PETITIONER:                        GARY DESHAUN DENT

2. PRESIDING JUDGE:           HON. MARK MOREFIELD
75th District Court
Liberty County Courthouse
1923 Sam Houston Street, 3rd Floor
Liberty, Texas 77575
(936) 336-4678

3. PROSECUTORS:               MR. JOE WARREN
MR. MATTHEW POSTON
Assistant District Attorney
Liberty Co. District Attorney's Office
1923 Sam Houston Street, Rm. 112
Liberty, Texas 77575
(936) 336-4609

4. TRIAL COUNSEL:            MR. CHAD ETHERIDGE
5111 Center St.
Houston, Texas 77007
(713) 869-1155

5. APPELLATE COUNSEL:      MR. TOM ABBATE
440 Louisiana, Ste 200
Houston, Texas 77002
(713)-223-0404

6. APPELLEE COUNSEL:       MR. LOGAN PICKETT
Liberty County District Attorney
MR. STEPHEN C. TAYLOR
First Assistant District Attorney
Liberty Co. District Attorney's Office
1923 Sam Houston, Rm. 112
Liberty, Texas 77575
(936) 336-4609

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................................2

INDEX OF AUTHORITIES.............................................................................4

STATEMENT REGARDING ORAL ARGUMENT ................................................6

STATEMENT OF THE CASE............................................................................6

STATEMENT OF PROCEDURAL HISTORY.......................................................7

QUESTION PRESENTED FOR REVIEW ...........................................................7

REASON FOR REVIEW ................................................................................7

PRAYER FOR RELIEF .................................................................................10

CERTIFICATE OF SERVICE ........................................................................11

CERTIFICATE OF COMPLIANCE..................................................................11

APPENDIX................................................................................................12

## INDEX OF AUTHORITIES

**Cases**

*Bethancourt-Rosales v. State*, 50 S.W.3d 650 (Tex. App.—Waco 2001)................9

*Brown v. State*, 911 S.W.2d 744 (Tex.Crim.App.1995)............................8

*Dent v. State*, 14-14-00536-CR (Tex.App.-Houston [14th District] 2015).............10

*Deshong v. State*, 625 S.W.2d 327 (Tex.Crim.App. 1981) ......................8

*Evans v. State*, 202 S.W.3d 158 (Tex. Crim. App. 2006)....................................8, 9

*Fields v. State*, 932 S.W.2d 97 (Tex. App.—Tyler 1996, pet. ref d)........................9

*Poindexter v. State*, 153 S.W.3d 402 (Tex.Crim.App.2005) ....................................7

*Roberson v. State*, 80 S.W.3d 730, 740 (Tex. App.—Houston [1st Dist.] 2002)....10

*Robinson v. State*, 174 S.W.3d 320 (Tex. App.— Houston [1st Dist] 2005)............9

**Statutes**

TEX. Health & Safety Code Ann.§ 481.002 ...........................................................7

NO. _____ PD

IN THE

COURT OF CRIMINAL

APPEALS

OF TEXAS

_____

**GARY DESHAUN DENT**

*Petitioner,*

**VS.**

**THE STATE OF TEXAS**

*Respondent*
_____

Petition in Cause No. CR30123 from the
75TH District Court of Liberty County, Texas and
the Court of Appeals for the 14TH District
Supreme Judicial District of Texas

_____

**PETITION OF DISCRETIONARY REIVEW
TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL
APPEALS OF TEXAS**

Gary Dent, petitions the Court to review the judgment affirming
his conviction for possession of a controlled substance,
penalty group 3, with intent to deliver in Cause No. CR30123

5

**STATEMENT REGARDING ORAL ARGUMENT**

Oral argument would assist to resolve whether the evidence was legally sufficient to support the conviction obtained against the Petitioner in this case.

**STATEMENT OF THE CASE**

This is an appeal from the Trial Court's **JUDGMENT OF CONVICTION BY JURY** finding GARY DESHAUN DENT (hereinafter, "Petitioner,"), GUILTY of the charge of POSSESSION OF A CONTROLLED SUBSTANCE, PENALTY GROUP 3, WITH INTENT TO DELIVER and sentencing him to 20 YEARS TDCJ in Cause No. CR30195. (CLRK. REC. - 82). On April 16, 2013, a grand jury indicted Appellant for the felony offense of knowingly possessing, with intent to deliver, a controlled substance, namely, a material, compound, mixture, or preparation in an amount of 400 grams or more, that contained not more than 300 milligrams of dihydrocodeinone, or any of its salts, per 100 milliliters or not more than 15 milligrams per dosage unit, with one or more active nonnarcotic ingredients in recognized therapeutic amounts. (CLRK. REC. – 2).

On May 14, 2014, a jury was seated and sworn for trial in the above described cause number. (CLRK. REC. – 121). After hearing testimony from the State on that same day, the jury was excused to deliberate. On May 15, 2014, the foreperson of the jury indicated that they had become deadlocked, the defense moved for mistrial, and the trial court granted that motion and relieved the jury from further service.

(CLRK. REC. – 121).

On June 9, 2013, a new jury was seated and sworn. (CLRK. REC. – 122). The following day, the jury returned a verdict of GUILTY and sentenced Appellant to 20 YEARS TDCJ after hearing evidence in both phases of trial. (CLRK. REC. – 122). Appellant filed a NOTICE OF APPEAL on June 25, 2014. (CLRK. REC. – 122).

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals rendered its decision affirming the petitioner's conviction on March 12, 2015. The Petitioner did not file a motion for rehearing, and the decision of the court of appeals became its final ruling on March 27, 2015. This petition was then filed with the clerk of the court of appeals within 30 days after such final ruling.

## QUESTION PRESENTED FOR REVIEW

*Was the evidence in this case legally insufficient to convict Petitioner of the charge of possession of a controlled substance with intent to deliver.*

## REASON FOR REVIEW

To prove unlawful possession of a controlled substance, the State must demonstrate that (1) the defendant exercised care, custody, control, or management over the substance; and (2) the defendant knew the matter possessed was contraband. See TEX. Health & Safety Code Ann.§ 481.002(38); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App.2005). The evidence, either direct or

circumstantial, "must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous." *Id.* at 405-06 (*quoting Brown v. State*, 911 S.W.2d 744, 747 (Tex.Crim.App.1995)). This rule is designed "to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs." *Id.* at 406. Thus, when the defendant "is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Id.* (*quoting Deshong v. State*, 625 S.W.2d 327, 329 (Tex.Crim.App. 1981)).

Texas courts have identified a non-exclusive list of possible "affirmative links, "including (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether other contraband or drug paraphernalia was present; (5) whether the defendant owned or had the right to possess the place where the drugs were found; (6) whether the defendant was found with a large amount of cash; and (7) whether the conduct of the defendant indicated a consciousness of guilt. *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). Additional link factors include a defendant's "lack of surprise or concern" during an investigation and the amount of contraband discovered. *See Fields v. State*, 932 S.W.2d 97, 104

8

(Tex. App.—Tyler 1996, pet. ref d) (holding defendant's "unnatural equanimity and lack of concern" is link factor); *Bethancourt-Rosales v. State*, 50 S.W.3d 650, 655-56 (Tex. App.—Waco 2001, pet. refd) (same); *Robinson v. State*, 174 S.W.3d 320, 328-29 (Tex. App.— Houston [1st Dist] 2005, pet. ref d) (considering amount of contraband).

The evidence in this case was legally insufficient to convict Appellant of the charge of possession of a controlled substance with intent to deliver. Under the list of possible "affirmative links, addressed by the *Evans* court, only two are present, namely, "the defendant's presence when a search is conducted; and whether the conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162 n.12. It cannot be disputed that Appellant was present in the vehicle when the contraband was found, and, at least according to Trooper Cash, Appellant appeared to be nervous during the course of their interaction. (RR. VI – 104-12).

However, the issue is not that these links are absent, but instead that evidence exists that stands in contravention of the remaining links. Here, the contraband was not in plain view, but was instead found within a hollow space behind the paneling of the vehicle in a place not easily accessible to Appellant. Further, no other contraband or drug paraphernalia was present and Trooper Cash testified that Appellant did not possess a large sum of cash. Finally, Appellant did not own the rental car, nor had he rented it himself, and therefore it is entirely possible that the

narcotics belonged only to the co-defendant, or another person altogether. (RR. VI – 107-119; VII – 38-63). Therefore, there exists evidence in contravention of Appellant's knowing possession.

Further, additional requisite issues were not affirmatively proved by the State. First, no fingerprint analysis was ever conducted. (RR. VII – 63). While the bags themselves may not have retained fingerprints, it is logical to assume the opposite with regard to the paneling behind which the narcotics were found. Such an analysis was well within the ability of the Department of Public Safety, and may have been helpful to protect Appellant from the consequences of his co-defendant's actions.

The Court of Appeals, however, relied on the amount of contraband found in determining if an affirmative link existed. *Roberson v. State*, 80 S.W.3d 730, 740 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). According to the Court, "[t]he power of this factor can reasonably be expected to increase as the amount of drugs increases." *Dent v. State*, 14-14-00536-CR (Tex.App.-Houston [14th District] March 12, 2015). This reliance was misplaced, however, in light of the evidence contradicting knowing possession outlined above.

## PRAYER FOR RELIEF

ACCORDINGLY, this Court should GRANT this PETITION FOR DISCRETIONARY REVIEW and ORDER briefs on the merits to answer the question of whether the evidence against the Petitioner was legally sufficient to

support his conviction.

Petitioner further prays for all relief to which he may be entitled.

Respectfully submitted,

/s/ Tom Abbate
TOM ABBATE
440 LOUISIANA ST, STE 200
HOUSTON, TX 77002
T: 713.223.0404
F: 800.501.3088
tom@tomabbatelaw.com
SBOT # 24072501

ATTORNEY FOR PETITIONER

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PETITION FOR

DISCRETIONARY REVIEW was delivered to the Liberty County District

Attorney's Office by CERTIFIED MAIL on APRIL 13, 2015

/s/ Tom Abbate
TOM ABBATE

## CERTIFICATE OF COMPLIANCE

I hereby certify that there are 1,715 words contained in this document.

/s/ Tom Abbate
TOM ABBATE

# APPENDIX

**Affirmed and Memorandum Opinion filed March 12, 2015.**



In The

## Fourteenth Court of Appeals

———————————————

### NO. 14-14-00536-CR

———————————————

**GARY DESHAUN DENT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 75th District Court
Liberty County, Texas
Trial Court Cause No. CR30123

## MEMORANDUM OPINION

Appellant Gary Deshaun Dent appeals his conviction for possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.117 (West 2010). In a single issue appellant argues the evidence is insufficient to support the conviction. We affirm.[1]

---

[1] Appellant initially appealed to the Ninth Court of Appeals. Pursuant to a docket equalization order, this appeal was transferred to this court. *See* Tex. Gov't Code Ann. § 73.001

## BACKGROUND

At approximately 4:00 a.m. on July 26, 2012, Department of Public Safety Trooper Christopher Cash was patrolling an area of Highway 59 near Cleveland, Texas. Cash observed a rental vehicle with a Tennessee license plate drive by him. Cash observed the vehicle immediately exit the freeway when the occupants saw Cash in his marked patrol vehicle. Cash testified that it appeared the occupants of the car had no reason to exit the freeway other than seeing his vehicle. After exiting the freeway, the vehicle drove into the town of Cleveland where the speed limit is lower. The vehicle did not slow its speed as it drove into town. Cash stopped the vehicle for speeding, and asked the driver to step out of the car. Appellant was driving the vehicle. Appellant and the passenger told Cash they were residents of Tennessee and produced Tennessee driver's licenses. Cash asked appellant for the rental agreement, which he produced. The rental agreement reflected that the passenger had rented the vehicle approximately 12 hours earlier. Cash testified that both occupants of the car appeared "overly nervous" and he was suspicious because of the time of day, and the fact that it appeared the occupants were making a "quick overnight trip." When questioned, appellant stated he was making such a quick trip from Memphis, Tennessee to "drop a cousin off."

Cash asked appellant to sit in his patrol car while he ran warrant checks. Cash stepped out of his patrol car and asked the passenger, whose name was on the rental agreement, for consent to search the car. The passenger complied with Cash's request to step out of the car; Cash frisked the passenger, then searched the car. Cash found narcotics behind the carpet trunk liner on the right rear quarter panel of the car, and handcuffed appellant and the passenger. Cash and another

(West 2013). We must decide the case in accordance with the precedent of the Ninth Court of Appeals in the event there is a conflict with precedent from this court. *See* Tex. R. App. P. 41.3.

2

trooper continued to search the car, and found another bag of narcotics on the other side of the car. The bags contained over one thousand hydrocodone pills, a prescription pain killer.

Ruben Espinosa, a DPS agent, testified that it is common for drug traffickers to obtain prescription drugs illegally in Houston and transport them north for sale. Espinosa testified that there were 1200 pills recovered from the bags in appellant's car, and that is an amount intended for distribution rather than individual consumption. He further testified it is unlikely to obtain fingerprints from the type of plastic bags in which the pills were found.

A DPS chemist testified that he first weighed the contraband found in the car, then tested a sample of the contraband. The net weight of the contraband was 540.22 grams, and the sample test revealed the substance was dihydrocodeinone, the scientific name for hydrocodone. The jury found appellant guilty of possession of a controlled substance with intent to deliver, and assessed punishment at confinement for twenty years in the Institutional Division of the Texas Department of Criminal Justice.

## DISCUSSION

In a single issue, appellant argues the evidence is insufficient to support his conviction.

When reviewing sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine, based on that evidence and any reasonable inferences therefrom, whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U. S. 307, 318–19 (1979)); *see also Atkins v. State*, 402 S.W.3d 453, 459 (Tex. App.—

3

Houston [14th Dist.] 2013, pet. ref'd). We do not sit as the thirteenth juror and may not substitute our judgment for that of the factfinder by re-evaluating the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010); *Atkins*, 402 S.W.3d at 459. Rather, we defer to the factfinder to fairly resolve conflicts in testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Isassi*, 330 S.W.3d at 638; *Atkins*, 402 S.W.3d at 459. Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative effect of all incriminating facts is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *Atkins*, 402 S.W.3d at 459.

To prove appellant committed this offense, the State was required to show beyond a reasonable doubt that appellant knowingly or intentionally possessed, with intent to deliver, a material, compound, mixture, or preparation in an amount of 400 grams or more, that contained not more than 300 milligrams of dihydrocodeinone, or any of its salts, per 100 milliliters. *See* Tex. Health & Safety Code § 481.117. In that connection, the State was required to establish that appellant exercised control, management, or care over the controlled substance and knew it was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Appellant's connection with the contraband must be more than fortuitous. *Evans v. State*, 202 S.W.3d 158, 161–62 (Tex. Crim. App. 2006). Mere presence in the same place as the controlled substance is insufficient to justify a finding of possession. *Id.* at 162.

Presence or proximity, when combined with other evidence, either direct or circumstantial (e.g., "affirmative links"), can establish possession. *Id.* The logical force of all of the evidence—not the number of affirmative links—is dispositive. *Id.* When a defendant does not have exclusive possession of the place where the

4

16

contraband was found, the reviewing court must examine the record to determine if there are additional independent facts that "affirmatively link" the defendant to the contraband. *See Poindexter*, 153 S.W.3d at 406. The requirement of "affirmative links" is aimed at protecting innocent bystanders from conviction based solely on their proximity to someone else's contraband. *Id.*

The following factors have been recognized as tending to establish affirmative links: (1) the contraband was in plain view; (2) the accused was the owner of the premises in which the contraband was found; (3) the contraband was conveniently accessible to the accused; (4) the contraband was found in close proximity to the accused; (5) a strong residual odor of the contraband was present; (6) paraphernalia to use the contraband was in view or found near the accused; (7) the physical condition of the accused indicated recent consumption of the contraband in question; (8) conduct by the accused indicated a consciousness of guilt; (9) the accused had a special connection to the contraband; (10) the place where the contraband was found was enclosed; (11) the occupants of the premises gave conflicting statements about relevant matters; and (12) affirmative statements connect the accused to the contraband. *See Evans*, 202 S.W.3d at 162 n. 12; *Gregory v. State*, 159 S.W.3d 254, 260 (Tex. App.—Beaumont 2005, pet. ref'd). It is "not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial." *Evans*, 202 S.W.3d at 162.

Appellant argues that not only are there absent links, but that the record contains evidence contradicting several affirmative links in his case. Specifically, appellant points out the contraband was not in plain view, no other contraband or drug paraphernalia was present, appellant did not possess a large sum of cash, and appellant's name was not on the rental agreement. Appellant further emphasizes that no fingerprints were lifted from the evidence.

5

17

Appellant is correct when he argues that an accused's mere presence in the vicinity of contraband is not enough to establish that a defendant knowingly possessed the contraband. *Rhyne v. State*, 620 S.W.2d 599, 601 (Tex. Crim. App. 1981). Contrary to appellant's assertions, however, the evidence in this case reveals several facts and circumstances that enabled the trier of fact to conclude that appellant knowingly possessed contraband. Although appellant was not the sole occupant of the vehicle, the narcotics were found in an enclosed space of a vehicle appellant was driving. More than one thousand pills were found in two bags hidden in compartments in the trunk of the car. Moreover, appellant had been in possession of the car on the trip from Memphis to Houston and was returning to Memphis at 4:00 in the morning after having begun the drive only twelve hours earlier. Trooper Cash testified that appellant displayed signs of nervousness and appeared to have exited the freeway because he saw the patrol car beside the freeway. Finally, the amount of contraband found is a factor we can consider in determining if an affirmative link exists. *Roberson v. State*, 80 S.W.3d 730, 740 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). The power of this factor can reasonably be expected to increase as the amount of drugs increases. *Id.* In this case, more than 1000 pills were discovered, which is neither an insignificant amount, nor an amount small enough to be concealed on one's person. *Cf. id.* (finding 24 grams of cocaine not an insignificant amount and noting that 24 grams of cocaine is an amount small enough to be concealed on one's person). Espinosa testified that the amount of hydrocodone recovered is too much for personal use; therefore, the amount of contraband is indicative of an affirmative link between the pills and appellant. A rational jury could have found that appellant knew the car in which he was driving contained narcotics.

Appellant further argues the State failed to prove the narcotics found were in

6

an amount greater than 400 grams. Appellant argues that the chemist only tested the contents of one of the bags and only tested a few pills selected at random; therefore, the small sample size was inadequate to assess the identity of all of the narcotics.

The manner of testing a substance by random sampling goes only to the weight the jury may give to the tested substances in determining that the untested substance is the same as the tested substance. *Zone v. State*, 118 S.W.3d 776, 777 (Tex. Crim. App. 2003). A conviction for possession of a controlled substance may be based on the testing of a representative amount of a homogenous substance found in a container in the possession of a defendant. *See Melton v. State*, 120 S.W.3d 339, 342–44 (Tex. Crim. App. 2003). Expert testimony by a police officer, based upon visual observation and his training and experience, that a substance is a controlled substance constitutes proper evidence. *See id.* at 343. A jury may conclude based upon its own inspection of a substance in evidence that the substance is homogenous. *See id.*

In *Melton*, the defendant was convicted of possession of between four and 200 grams of cocaine. *Id.* at 341. A bag containing 35–40 rocks of suspected crack cocaine was found on the defendant's person. *Id.* at 340. The State's chemist tested an unspecified number of the rocks, but did not test every single rock. *Id.* at 340–41. Each rock tested contained crack cocaine; the net weight of the rocks was 5.77 grams. *Id.* The defendant argued that he could not be found guilty for possessing more than four grams of cocaine because each rock was not tested to determine whether it contained cocaine. *Id.* at 341. The arresting officer testified that the rocks were crack cocaine, and the jury was allowed to inspect the rocks that were admitted into evidence. *Id.* at 343. The evidence was held legally sufficient to prove possession of between four and 200 grams of cocaine, and the trial court's

7

19

judgment was affirmed. *Id.* at 344.

The facts here parallel those found in *Melton*. As in *Melton*, the arresting officer in this case testified that he recognized the pills found in the car as narcotics. The chemist testified that the pills he tested contained narcotics.

We hold that a reasonable jury could conclude from the evidence presented that appellant knowingly exercised possession and control over more than 400 grams of a controlled substance. Accordingly, the evidence is sufficient to support the conviction. We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

/s/    John Donovan
        Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).